IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIAMOND BARNES, #10006-424

      Petitioner,

vs.   Case No. 16-cv-0798-DRH

ILLINOIS DEPT. OF CORR.,
KIMBERLY BUTLER,
MENARD CORR. CTR., et al., and,
UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, currently incarcerated at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement with relation to prior state court proceedings in Illinois. Specifically, petitioner raises arguments under § 2254(d)(1) and (2), alleging in short that: his underlying conviction is not sound because Illinois law was, or is, contrary to federal law regarding the right to bear arms; and, based on his interpretations of the law, the facts presented did not support a conviction beyond a reasonable doubt. The petition was filed on July 14, 2016 (Doc. 1).

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that the § 2254 petition warrants further review.

## BACKGROUND

On May 2, 2009, Barnes was arrested and charged with first degree murder for the death of Marcus Anthony Shannon (Doc. 1 at 16). Barnes's case proceeded to a two-day jury trial, and on October 26, 2010, Barnes was convicted of first degree murder (Doc. 1 at 16). Barnes represented himself at trial, but had counsel at sentencing. (*Id.* at 12). On April 8, 2011 Barnes was sentenced to serve 45 years in the Illinois Department of Corrections (*Id.* at 16). Barnes pursued a direct appeal of his conviction, sought leave from the Illinois Supreme Court on direct appeal, and subsequently sought relief through post-conviction proceedings, which he also appealed to the Illinois Supreme Court (Doc. 1-1 at 32-39). The final ruling in his underlying state court actions was rendered on either November 4 or November 9, 2015.[1]

The present petition is Barnes's first attempt to seek relief via federal habeas corpus mechanisms.

## HABEAS PETITION

In his § 2254 petition, Barnes challenges his conviction on 44 separate grounds. Common themes amongst his challenges include: the duty to retreat

---

[1] Barnes's case chronology indicates that the Illinois Supreme Court issued its mandate on November 4, 2015, and that it was filed 'in this court" on November 9, 2015—however, a search of PACER indicates that Barnes did not commence any filings with federal courts until the present petition (July 2016), so it is not clear what Barnes is referring to on November 9, 2015 (Doc. 1-1 at 39). *See* S.D. Ill., CM/ECF, Case No. 16-cv-0798-DRH (Doc. 1).

and stand your ground laws; the full faith and credit clause; his First Amendment rights to seek redress; the right to travel; Second Amendment rights; Fifth Amendment due process rights; and, Fourteenth Amendment equal protection rights.  In light of the numerous, complicated claims in the petition, the Court cannot conclude that dismissal of the petition at the preliminary stage is appropriate.  Further review of the petition is necessary.  For this reason, respondent will be ordered to answer the petition or otherwise file a responsive pleading.

This Order should not be construed as a decision regarding the merits of any of the 44 counts asserted in the Petition.  In addition, the Order does not preclude the State from making whatever argument it wishes to present, be it waiver, exhaustion, forfeiture, timeliness, etc.  Though it appears as though the petitioner pursued many avenues of relief at the state level, it is not abundantly clear at this juncture whether he raised all of the claims he now brings in those prior proceedings.  A petitioner "shall not be deemed to have exhausted the remedies available…if he has the right under the law of the state to rise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  This means that petitioner must exhaust all means of available relief under state law before pursuing habeas relief, which includes review of his claims through the entire Illinois appellate process, including the state's highest court.  There is evidence to suggest he has done so, at least as to some of his claims, but again, given the number of claims, it is difficult to determine what has or has not been exhausted.

A petitioner is required to present *every* claim included in the federal habeas petition in a petition for discretionary review to a state court of last resort. *O'Sullivan v. Bourke*, 526 U.S. 838, 846-47 (1999). With that said, a response shall be ordered.

### Pending Motions

The Court notes that petitioner Barnes has submitted numerous motions along with his petition. The motions include: (a) petitioner's entry of Appearance; (b) petitioner's Motion to Proceed as a United States Veteran; (c) petitioner's Motion for Service of Process at Government Expense; (d) petitioner's Proposed Order Granting *In Forma Pauperis* status; (e) petitioner's Notice of Filing; (f) Petitioner's Affidavit of Service; (g) petitioner's Motion for a Writ of Habeas Corpus Ad Testificandum; and, (h) petitioner's Motion for a Writ of Habeas Corpus Ad Subjiciendum

To the extent that Service of Process is now ordered on the Illinois Attorney General, the Motion for Service of Process is hereby **GRANTED**. Ruling on Service of Process as to any other individual or entity shall be deferred until the Government's Response has been filed, or until a later time when it is appropriate and necessary to address this issue.

To the extent that the petitioner still seeks leave to proceed *in forma pauperis*, he is **DIRECTED** to utilize the application form for the Court. The Clerk is hereby **DIRECTED** to mail the petitioner one copy of the form.

Case 3:16-cv-00798-DRH-CJP   Document 9   Filed 11/08/16   Page 5 of 6   Page ID #1822

As to the petitioner's other motions included with his original complaint, the Court hereby **DEFERS** ruling until the government has had an opportunity to file a response in this case.

The Petitioner has also filed a number of documents recently seeking service of process (Docs. 7, 8), as well as a number of proposed summons. The Court hereby **DEFERS** ruling on these requests until a response has been filed.

The motions deferred will be better addressed once the Court and the parties have a more refined understanding of the issues presented by this petition. Accordingly, awaiting the government's response is the most efficient and desirable option.

### IV. Disposition

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that respondent shall answer the petition within 30 days of the date this Order is entered. This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Clifford J. Proud for further pre-trial proceedings.

Page **5** of **6**

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: November 7, 2016

Digitally signed by
Judge David R. Herndon
Date: 2016.11.07
16:50:12 -06'00'

**UNITED STATES DISTRICT JUDGE**