IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DIAMOND LANEIL BARNES,**

        **Petitioner,**

vs.                                           Civil No. 16-cv-798-DRH-CJP

**JEFF HUTCHINSON,**

        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, Diamond LaNeil Barnes, was convicted of first degree murder at a bench trial in Madison County, Illinois in October 2010. (Doc. 6, Attach. 1, pp. 45-46; Doc. 21 Exh. A, pp.10-11). He was sentenced to forty-five years imprisonment. *Id*. at p. 13.

In July 2016, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1), alleging, in short, that: his underlying conviction is not sound because Illinois law was, or is, contrary to federal law regarding the right to bear arms; and, based on his interpretations of the law, the facts presented did not support a conviction beyond a reasonable doubt. (Doc. 1).[1]

This matter is now before the Court on respondent's motion to dismiss the

---

[1] Petitioner challenges his conviction on forty-four separate grounds. Common themes amongst his claims include: the duty to retreat and stand your ground laws, the full faith and credit clause, his First Amendment rights to seek redress, his Second Amendment rights to bear arms, his Fifth Amendment due process rights, his Fourteenth Amendment equal protection rights, and his right to travel.

habeas petition as untimely (Doc. 20) to which petitioner responded (Doc. 26).

**<u>Relevant Facts</u>**

Petitioner was arrested and charged with first degree murder for the death of Marcus Anthony Shannon in May 2009. (Doc. 1, p. 16). Petitioner's case proceeded to a two-day bench trial and petitioner was convicted of first degree murder in October 2010. (Doc. 1, p. 16; Doc. 26, pp. 10-11). Petitioner represented himself at trial but had counsel at his sentencing. (Doc. 1, p. 12; Doc. 26, Exh. A, pp. 13-14). On April 8, 2011 petitioner was sentenced to serve forty-five years in the Illinois Department of Corrections. (Doc. 21, Exh. A, P. 10).

In July 2012, the Illinois Appellate Court affirmed petitioner's conviction. (Doc. 21, Exh. B)(*People v. Barnes*, No. 5-11-0246 (Ill. App. Ct. 2012)). Petitioner filed a petition for leave to appeal (PLA) that was denied by the Illinois Supreme Court in November 2012. (Doc. 21, Exh. C)(*People v. Barnes*, No. 114973 (Ill. 2012)). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 9). In May 2013, petitioner filed a pro se state habeas complaint in the Circuit Court of Madison County. (Doc. 1, p. 83). The trial court dismissed the complaint, the appellate court affirmed the dismissal, and the Illinois Supreme Court denied petitioner's subsequent PLA on September 30, 2015. (Doc. 21, Exh. D, E)(*People v. Barnes,* No. 119175 (Ill. 2015)).

In 2013, petitioner filed a motion to produce fingerprint and DNA testing and in 2014 he filed two mandamus complaints in the Circuit Court of Madison County. (Doc. 21, Exh. A, p. 13; Exh. F; Exh. G)(Docket Sheet, *Barnes v. Hackett*,

No. 2014 MR 42 (Cir. Ct. Madison Cnty.)); (Docket Sheet, *Barnes v. Crowder*, No. 2014 MR 65 (Cir. Ct. Madison Cnty.)). The trial court denied the motion for additional testing and dismissed the mandamus complaints. Petitioner unsuccessfully attempted to pursue these matters to the Illinois Supreme Court. (Doc. 21, Exh. H; Exh I; Exh. J)(*People v. Barnes,* No. 119471 (Ill. 2015));(*Barnes v. Hackett*, No. 119198 (Ill. 2015)); (*Barnes v. Crowder*, No. 118988 (Ill. 2015)).

## Applicable Legal Statutes

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in

3

appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v, DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

## Analysis

Petitioner does not allege that his habeas claim arises out of newly-discovered facts, a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one year limitations period began to run when his judgment became final. In a criminal case, the judgment is the sentence; the judgment is final and the one-year period begins to run when both the conviction and sentence have become final upon the conclusion of direct review or the expiration of time for seeking direct review. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007).

Petitioner's PLA was denied on direct appeal on November 28, 2012. Petitioner did not file a writ of certiorari in the United States Supreme Court after this direct appeal. As a result, petitioner's conviction became "final" under §2244(d)(1)(A) ninety days later and his habeas petition is due one year from that date. Absent tolling, this would have made February 26, 2014 the date for a timely habeas petition. However, under 28 U.S.C. §2244(d)(2), the one-year limitations

4

period is tolled during the pendency of a "properly filed" application for postconviction relief.

Petitioner properly filed his state habeas petition on May 31, 2013 and his one-year period of limitation became tolled until September 30, 2015 when the Illinois Supreme Court denied his PLA. 28 U.S.C. §2244(d)(2); (Doc. 1, p. 83); Doc 21, Exh. E). Petitioner allowed ninety-three days of untolled time to pass between the date his conviction became "final" (February 26, 2013) and the date he filed his state habeas complaint (May 31, 2013). Subtracting the ninety-three days from his year, he had 272 days, or until June 28, 2016, to file a timely habeas petition. Petitioner filed his habeas petition on July 11, 2016. (Doc. 1).

Petitioner claims that the reviewing court issued a "final mandate" on petitioner's direct appeal on January 9, 2013. (Doc. 29, pp. 5-6). The order petitioner references states "be it remembered that on the 11th day of July, 2012, the final judgment of the Appellate Court was entered of record. . ." and goes on to reference the decision where petitioner's conviction and sentence were affirmed. (Doc. 29, p. 144). This is not a new opinion, but a reference to the opinion issued in July 2012. Petitioner filed a PLA for that opinion and was ultimately denied in November 2012. Ninety days from the denial in November is when his conviction became final. The document dated in January 2013 does not impact the timeliness of plaintiff's petition in any way.

Plaintiff also states that the judgment "becomes final" either "ninety days after the entry of disposition to the reviewing courts judgment; or sixty-nine days

after the reviewing court issues its mandate" and references §2244(d)(2). (Doc. 29, p. 5). §2244(d)(2) states "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." It is unclear where petitioner came up with the "sixty-nine days" figure, but §2244(d)(2) is discussed and applied to the case at hand above and petitioner's case became untimely after June 28, 2016.

Petitioner concedes that his PLA was denied on September 30, 2015 but states that his mandate "finalized" at the conclusion of his collateral review on November 4, 2015. (Doc. 29, pp. 6-7). The judgment from the Illinois Supreme Court plaintiff references states that "[o]n the thirtieth day of September, 2015, the Supreme Court entered the following judgment. . . the Petition to Appeal as a matter of right is DENIED." (Doc. 1, p. 175). The clerk of the Illinois Supreme Court signed the judgment on November 4, 2015. However, that does not change the date on which the Supreme Court entered its judgment.

Petitioner's mandamus complaints and motion for forensic testing do not equate to a collateral attack on his conviction and therefore do not toll the limitations period for his habeas petition. *See Price v. Pierce*, 617 F.3d 947, 952 (7th Cir. 2010) (DNA testing motion does not have tolling effect); *Topps v. Chandler,* No. 12 C 3028, 2013 WL 1283812, at *3 (N.D. Ill. Mar. 26, 2013) (mandamus complaint that does not attack validity of conviction or sentence is not "collateral review" under § 2244(d)(2)). Petitioner's mandamus complaints do

not attack the validity of his conviction because mandamus is only appropriate to compel public officials to act in accordance with their duties under Illinois law. *Burnette v. Terrell*, 905 N.E.2d 816, 829 (Ill. 2009). Mandamus is not used to raise the type of constitutional claims suitable for direct appeal or federal habeas. *See Chicago & NW Transp. Co. v. Matoesian*, 426 N.E.2d 888, 891 (Ill. 1981). Therefore, petitioner is not entitled to additional statutory tolling on these filings.

Petitioner is also not entitled to equitable tolling as such tolling is only available if a petitioner pursued his rights diligently and an extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649(2010); *Pace,* 544 U.S. at 418; *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). Petitioner did not acknowledge his petition was untimely in his initial petition and did not claim he had an extraordinary circumstance justifying delay in filing. Therefore, petitioner is not entitled to equitable tolling.

Petitioner argues that this Court should "relax the stringent statute of limitations" and references "exceptional cases" that involve compelling claims of actual innocence. *House v. Bell*, 547 U.S. 518, 522 (2006); *In re Davis*, 557 U.S. 952 (2009); *Bousley v. United States*, 523 U.S. 614 (1998). Petitioner peripherally argues actual innocence within his initial petition and his traverse to respondent's motion to dismiss. The Supreme Court has addressed this issue and stated "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"

*House*, 547 U.S. at 536–37(internal citations omitted). Petitioner has not established there is new evidence, nor has he established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, his actual innocence claim fails and his petition is procedurally defaulted.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing §2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a certificate of appealability to be issued.

Here, it is apparent that petitioner did not file his petition in the statutorily required time limit. No reasonable jurist would find this issue debatable. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Respondent's Motion to Dismiss Petitioner's Habeas Petition as Untimely (Doc. 20) is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 12th day of April, 2017.

Judge Herndon
2017.04.12
15:57:11 -05'00'

UNITED STATES DISTRICT JUDGE