# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIAMOND BARNES,

Petitioner,

v.                          No. 16-798-DRH

JACQUELINE LASHBROOK,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court are many motions filed by Barnes attacking the April 12, 2017 Memorandum and Order and April 24, 2017 Amended Judgement (Docs. 29 & 35) in this case dismissing his habeas corpus petition with prejudice as untimely (Docs. 36, 37, 38, 39 & 40).[1]  Based on the following, the Court **DENIES** these motions.

Barnes was convicted of first degree murder at a bench trial in the Madison County, Illinois Circuit Court in October 2010.  He was sentenced to forty-five years imprisonment.  In July 2016, Barnes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging, in short, that: his underlying conviction is not sound because Illinois law was, or is, contrary to federal law regarding the right to bear arms; and, based on his interpretations of the law, the

---

1 These motions were filed from April 26, 2017 to May 22, 2017.

facts presented during the bench trial did not support a conviction beyond a reasonable doubt. On April 12, 2017, the Court entered a Memorandum and Order dismissing his petition as untimely and declining to issue a certificate of appealability (Doc. 29) and Judgment reflecting the same was entered (Doc. 30). Thereafter, the Court granted respondent's motion to alter judgment finding that the dismissal should be with prejudice as the petition was found to be untimely (Doc. 34). On April 24, 2017, the Amended Judgment was entered reflecting the same (Doc. 35).

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables govern these motions. Different standards also apply. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a

reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). "A Rule 59(e)motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."

*Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier.

All of Barnes' motions were filed within the 28 day window and Rule 59(e) governs. The Court finds that Barnes is not entitled to relief under the Rule 59(e) standard. After reviewing the record again, the Court finds that Barnes identifies no manifest error of law, newly discovered evidence, fraud, mistake, or excusable neglect that dictates a different result. His motions merely take umbrage with the Court's previous ruling and rehashes old arguments that have been addressed by the Court. In rendering this Order and the Memorandum and Order dismissing with prejudice Barnes' habeas corpus petition as untimely, the Court examined the record and the case law submitted by the parties and remains convinced of the correctness of its position. Thus, the Court denies Barnes' motions.

## Conclusion

Accordingly, the Court **DENIES** all of Barnes' post judgment motions (Docs. 36, 37, 38, 39, 40 & 41).

If petitioner wishes to appeal the dismissal of the action or this order, his notice of appeal must be filed with this court within thirty days of the date of this order. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal.

*See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 13th day of June, 2017.

Judge Herndon
2017.06.14
12:07:22 -05'00'

**United States District Judge**