IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIAMOND BARNES,

Petitioner,

v.                                                                              No. 16-798-DRH

JACQUELINE LASHBROOK,

Respondent.

### MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction and Background

Pending before the Court is Barnes's Rule 60(b)(6) post-judgment motion on § 2244 statute of limitations (Doc. 67). Based on the following, the Court **DENIES** the motion.

Barnes was convicted of first degree murder at a bench trial in the Madison County, Illinois Circuit Court in October 2010. He was sentenced to forty-five years imprisonment. In July 2016, Barnes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging, in short, that: his underlying conviction is not sound because Illinois law was, or is, contrary to federal law regarding the right to bear arms; and, based on his interpretations of the law, the facts presented during the bench trial did not support a conviction beyond a reasonable doubt. On April 12, 2017, the Court entered a Memorandum and

Order dismissing his petition as untimely and declining to issue a certificate of appealability (Doc. 29) and Judgment reflecting the same was entered (Doc. 30). Thereafter, the Court granted respondent's motion to alter judgment finding that the dismissal should be with prejudice as the petition was found to be untimely (Doc. 34). On April 24, 2017, the Amended Judgment was entered reflecting the same (Doc. 35). Subsequently on June 14, 2017, the Court entered a Memorandum and Order denying all of Barnes' post judgment motions (Docs. 36, 37, 38, 39, 40 & 41).

Thereafter, Barnes filed a notice of appeal (Doc. 43); a motion for certificate of appealability (Doc. 44) and a motion for leave to appeal in forma pauperis (Doc. 45). On June 23, 2017, the Court found as moot the motion for certificate of appealability and directed Barnes to file that motion with the Seventh Circuit Court of Appeals (Doc. 46) and three days later, the Court denied Barnes' motion for leave to appeal in forma pauperis finding that his appeal was not taken in good faith as his habeas corpus petition was untimely (Doc. 47). On July 5, 2017, Barnes filed another notice of appeal of the Memorandum and Order denying his post judgment motions (Doc. 52). On July 18, 2017, the Seventh Circuit issued its Mandate dismissing, pursuant to Federal Rule of Appellate Procedure 42(b), Barnes' notice of appeal filed on July 5, 2017 (Doc. 61).

On January 8, 2018, the Seventh Circuit issued an Order stating the following:

> An Illinois jury convicted Diamond Barnes in 2010 of first degree murder, and he was sentenced to 45 years in prison. In 2016, Barnes filed a habeas corpus petition under 28 U.S.C. § 2254, which the district court dismissed as untimely. We declined to issue a certificate of appealablity. *Barnes v. Lashbrook*, No. 17-2326 (7th Cir. Nov. 6, 2017). Barnes's petition for reconsideration still is pending.
>
> Barnes now has filed an application, purportedly under 28 U.S.C. § 2244(b)(3), asking our permission to file a petition under 28 U.S.C. §2241 rather than § 2254. But a petitioner does not require this court's authorization under §2244 to file a § 2241 petition. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). On the other hand, because he is challenging a state conviction, § 2241 relief is categorically unavailable to Barnes: the exclusive vehicle for challenging his conviction is a § 2254 petition. *See Walker v. O'Brian*, 216 F.3d 626, 633 (7th Cir. 2000).
>
> And if Barnes wished to file another § 2254 petition after all, this application would not satisfy the requirement of § 2244(b)(2) that he present either a new rule of constitutional law or a new and compelling evidence of innocence. Indeed, Barnes raises the same claim that he argued in his first § 2254 petition: that his conviction violates his Second Amendment right to bear arms.
>
> Thus, we **DENY** authorization and **DISMISS** Barnes's application.

(Doc. 65). Fourteen days later, the Seventh Circuit issued is Mandate in this case dismissing Barnes's appeal (Doc. 66). The Mandate states: "On consideration of the motion filed by petitioner-appellant on December 13, 2017, and construed as a petition for rehearing, all members of the original panel have voted to deny the petition for panel rehearing. Accordingly, the petition for rehearing is hereby DENIED." (Doc. 66-2).

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535

(7th Cir. 1994). Different time-tables govern these motions. Different standards also apply. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b).

This present motion was filed outside the 28 day window and Rule 60(b) governs. The Court finds that Barnes is not entitled to relief under Rule 60(b). After reviewing the record again, the Court finds that Barnes identifies no manifest error of law, newly discovered evidence, fraud, mistake, or excusable neglect that dictates a different result. In rendering this Order and the Memorandum and Order dismissing with prejudice Barnes' habeas corpus petition as untimely, the

Court examined the record and the case law submitted by the parties and remains convinced of the correctness of its position. Thus, the Court denies Barnes's motion.

Insofar as this motion is a request for leave to file a second or successive 28 U.S.C. § 2254 petition, the Court does not have the authority grant such a request and the record does not reveal that the Seventh Circuit has given him such permission. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application). Thus, Barnes's should file a motion with the Seventh Circuit Court of Appeals if he wishes to file a second or second successive 28 U.S.C. Section 2254 petition.

## Conclusion

Accordingly, the Court **DENIES** Barnes's Rule 60(b)(6) post-judgment motion on § 2244 statute of limitation(s) (Doc. 67).

If petitioner wishes to appeal this order, his notice of appeal must be filed with this court within thirty days of the date of this order. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on

his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.06
11:45:10 -06'00'

**United States District Judge**