IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIAMOND BARNES,

Petitioner,

v.  No. 16-798-DRH

JACQUELINE LASHBROOK,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court are Barnes's motion for leave to file and proceed on appeal in forma pauperis (Doc. 70), motion for certificate of appealability (Doc. 71) and motion to prepare, certify and transmit appeal (Doc. 72). Based on the following, the Court **DENIES** the motion for leave to proceed in forma pauperis and **DENIES as moot** the motion for certificate of appealability and the motion to prepare, certify and transmit appeal.

Barnes was convicted of first degree murder at a bench trial in the Madison County, Illinois Circuit Court in October 2010. He was sentenced to forty-five years imprisonment. In July 2016, Barnes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging, in short, that: his underlying conviction is not sound because Illinois law was, or is, contrary to federal law regarding the right to bear arms; and, based on his interpretations of the law, the facts presented during the bench trial did not support a conviction beyond a

reasonable doubt. On April 12, 2017, the Court entered a Memorandum and Order dismissing his petition as untimely and declining to issue a certificate of appealability (Doc. 29) and Judgment reflecting the same was entered (Doc. 30). Thereafter, the Court granted respondent's motion to alter judgment finding that the dismissal should be with prejudice as the petition was found to be untimely (Doc. 34). On April 24, 2017, the Amended Judgment was entered reflecting the same (Doc. 35). Subsequently on June 14, 2017, the Court entered a Memorandum and Order denying all of Barnes' post judgment motions (Docs. 36, 37, 38, 39, 40 & 41).

Thereafter, Barnes filed a notice of appeal (Doc. 43); a motion for certificate of appealability (Doc. 44) and a motion for leave to appeal in forma pauperis (Doc. 45). On June 23, 2017, the Court found as moot the motion for certificate of appealability and directed Barnes to file that motion with the Seventh Circuit Court of Appeals (Doc. 46) and three days later, the Court denied Barnes' motion for leave to appeal in forma pauperis finding that his appeal was not taken in good faith as his habeas corpus petition was untimely (Doc. 47). On July 5, 2017, Barnes filed another notice of appeal of the Memorandum and Order denying his post judgment motions (Doc. 52). On July 18, 2017, the Seventh Circuit issued its Mandate dismissing, pursuant to Federal Rule of Appellate Procedure 42(b), Barnes' notice of appeal filed on July 5, 2017 (Doc. 61).

On January 8, 2018, the Seventh Circuit issued an Order stating the following:

> An Illinois jury convicted Diamond Barnes in 2010 of first degree murder, and he was sentenced to 45 years in prison. In 2016, Barnes filed a habeas corpus petition under 28 U.S.C. § 2254, which the district court dismissed as untimely. We declined to issue a certificate of appealablity. *Barnes v. Lashbrook*, No. 17-2326 (7th Cir. Nov. 6, 2017). Barnes's petition for reconsideration still is pending.
>
> Barnes now has filed an application, purportedly under 28 U.S.C. § 2244(b)(3), asking our permission to file a petition under 28 U.S.C. §2241 rather than § 2254. But a petitioner does not require this court's authorization under §2244 to file a § 2241 petition. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). On the other hand, because he is challenging a state conviction, § 2241 relief is categorically unavailable to Barnes: the exclusive vehicle for challenging his conviction is a § 2254 petition. *See Walker v. O'Brian*, 216 F.3d 626, 633 (7th Cir. 2000).
>
> And if Barnes wished to file another § 2254 petition after all, this application would not satisfy the requirement of § 2244(b)(2) that he present either a new rule of constitutional law or a new and compelling evidence of innocence. Indeed, Barnes raises the same claim that he argued in his first § 2254 petition: that his conviction violates his Second Amendment right to bear arms.
>
> Thus, we **DENY** authorization and **DISMISS** Barnes's application.

(Doc. 65). Fourteen days later, the Seventh Circuit issued is Mandate in this case dismissing Barnes's appeal (Doc. 66). The Mandate states: "On consideration of the motion filed by petitioner-appellant on December 13, 2017, and construed as a petition for rehearing, all members of the original panel have voted to deny the petition for panel rehearing. Accordingly, the petition for rehearing is hereby DENIED." (Doc. 66-2).

On March 6, 2018, the Court denied Barnes's Rule 60(b) post-judgment on Section 2244 statute of limitations/motion for reconsideration (Doc. 68). Still undeterred after all the adverse rulings, Barnes filed the above motions seeking

relief along with a notice of appeal in this closed case on March 30, 2018. Based on the following, the Court finds that the appeal is not taken in good faith.

According to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id*. To determine that an appeal is taken in good faith, the Court "need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 026 (7th Cir. 2000)). Here, the Court finds that no reasonable person could reach the conclusion that the appeal is taken in good faith based on the previous rulings of this Court and the rulings of the Seventh Circuit Court of Appeals in this matter.

**IT IS HEREBY ORDERED** that Barnes's' motion for leave to proceed in forma pauperis on appeal (Doc. 70) is **DENIED**. Barnes shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court in this District within **THIRTY** (30) days of the date of the entry of this Order or he may reapply with the Seventh Circuit Court of Appeals for leave to proceed in forma pauperis on appeal. Further, the Court denies as moot the motion for certificate of appealability and the motion to prepare, certify and transmit record on appeal (Docs. 71 & 72). The Court previously declined to issue a certificate of appealability when it dismissed the case (Doc. 29) and the Clerk of the Court routinely prepares and transmits the appeal records to the Seventh Circuit Court of Appeals. Barnes should filed the

motion for certificate of appealability with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.03
11:38:50 -05'00'

United States District Judge