IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIAMOND LANEIL BARNES, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 16-CV-798-SMY |
| JEFF HUTCHINSON, et al, | ) |
| Respondents. | ) |

# ORDER

**YANDLE, District Judge:**

In July 2016, Diamond LaNeil Barnes filed a habeas petition challenging his sentence under 28 U.S.C. § 2254. After the issues were fully briefed and considered, the Court denied Barnes' Petition as untimely and dismissed this case in April 2017 (Docs. 29, 35). Barnes filed a Notice of Appeal on June 23, 2017 (Doc. 43). The Seventh Circuit Court of Appeals issued its Mandate in January 2018, dismissing Barnes' appeal on the merits, finding that his Petition was "plainly untimely" (Doc. 66-1, p. 1). Barnes then filed a Motion in this Court to Re-Open the Judgment (Doc. 90). That Motion was denied on the grounds that this Court lacks jurisdiction to rule on said motion (Doc. 93). Barnes filed a Notice of Appeal regarding his Motion to Re-Open the Judgment on February 23, 2023 which is now pending before the Seventh Circuit Court of Appeals (Doc. 94). Now pending before this Court is Barnes' Motion for a Certificate of Appealability (Doc. 98).

A certificate of appealability is a prerequisite to appealing the denial of a 60(b) motion. *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007). However, just liked a Rule 60(b) motion cannot be used to relitigate the merits of a district court's ruling in lieu of a timely appeal, a Rule 60(b) also cannot be used to collaterally attack a final court of appeals' ruling in lieu of a proper

petition for review in the United States Supreme Court. *In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000).

Here, an appeal was taken and dismissed; and, all issues have been disposed of. Accordingly, this Court declines to certify any issues for appeal. The motion (Doc. 98) is **DENIED**.

**IT IS SO ORDERED.**

**DATE: May 19, 2023**

**STACI M. YANDLE**
**United States District Judge**